## (December 16, 1952.)

WAYNE WIRTH, Respondent, *v.* CLENDENIN RYAN, Appellant.

*Per Curiam.* This is an appeal from an order denying defendant's motion for summary judgment.

Plaintiff sues for damages for breach of an alleged contract of joint venture. Aside from denying the making of the contract alleged, defendant relies on a writing between the parties showing that their negotiations had not progressed beyond a loose expression of intentions, and upon the Statute of Frauds, in that the alleged agreement was oral and was not to be performed within a year.

The complaint alleges that in December, 1951, plaintiff and defendant entered into a joint venture, pursuant to which plaintiff was to devote his time and energies to television productions which were to be financed by defendant. It is alleged that defendant agreed to pay all the expenses of the venture, amounting to not less than $100,000 " during the year following " the making of the agreement, and plaintiff was to receive for his services 45% of all the profits of the venture.

The bill of particulars, in notable variance from the complaint, alleges that the joint venture was to take the form of a corporation in which plaintiff was to have a 45% interest, a salary of $25,000 a year and $200 a week as expenses. Defendant was to advance all moneys necessary for the venture, with a minimum budget "for the first year" of not less than $100,000, but to be as much as was necessary without limit as to amount to finance the venture.

It is apparent that the venture died aborning, because the complaint alleges that the agreement was made in December, 1951, and repudiated by defendant on January 2, 1952. It is also quite clear from a contemporaneous communication addressed to defendant by plaintiff that the parties never got beyond the contemplative stage and expected that any firming of their intentions would take the form of a written contract.

We have here more than a complaint, indicating that the venture contemplated would last longer than a year. We have the aid of a bill of particulars and enlarged expression of the plaintiff's contention, showing that the negotiations of the parties never reached a stage where there was any meaning or substance to their alleged understanding. As the bill of particulars and plaintiff's brief present the matter, there was nothing more than an agreement

to form a corporation in which defendant was to invest at least $100,000 and plaintiff was to have a 45% interest. Plaintiff's employment by the corporation was to be an employment at will.

Thus, as plaintiff interprets the contract, in order to avoid the Statute of Frauds, it was a contract for doing merely a single act, the formation of a corporation. The only portion of the agreement which could not be performed almost at once, plaintiff alleges, was that relating to plaintiff's employment, and as that employment was to be a hiring at will, the contract would not come within the statute.

The mere formation of a corporation would mean nothing and the employment arrangement was admittedly illusory. There could be no breach in refusing to undertake it. Not only was the entire arrangement executory; it was nebulous. Nothing has been shown to support the complaint or warrant a trial.

The order appealed from should be reversed and the motion granted, with costs to the appellant.

Peck, P. J., Dore, Cohn and Callahan, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion granted, and judgment is directed to be entered herein dismissing the complaint, with costs.